IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Green, #113830, ) | CIVIL ACTION NO. 9:11-3407-DNC-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| South Carolina Department of Corrections, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This action was originally filed in the South Carolina Court of Common Pleas, Third Judicial Circuit. Plaintiff is an inmate with the South Carolina Department of Corrections, housed at the Lee Correctional Institution.

The Defendant removed the case to this United States District Court on December 15, 2011, asserting in the notice of removal that this Court has federal question jurisdiction over this case pursuant 28 U.S.C. § 1331 because Plaintiff has alleged claims of violations of his constitutional rights. Plaintiff thereafter filed a timely motion to remand the matter back to state court on the ground that no federal question is presented in the Complaint, and there is therefore no basis for jurisdiction in this Court. The Defendant has filed a memorandum in opposition to Plaintiff's motion to remand, which is now before the Court for disposition.

When considering a motion to remand, Courts are obligated to "construe removal jurisdiction strictly because of the 'significant federalism concerns implicated'", and to remand if



federal jurisdiction is doubtful. Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004). Further, it is the removing party who bears the burden of proving subject matter jurisdiction. Mulcahey v. Columbia Organic Chems., Co., 29 F.3d 148, 151 (4th Cir. 1994). Here, the Defendant correctly notes that federal jurisdiction exists when a federal question is presented on the face of a properly pleaded complaint; see Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); and argues that federal questions are evident in the complaint because Plaintiff claims to have been subjected to excessive force and deprived of medical treatment in violation of his constitutional rights. See Complaint, ¶ 3. However, although it can be reasonably inferred from the face of the Complaint that Plaintiff believes the actions alleged violated his constitutional rights, it is also clearly evident from a plain reading of the Complaint that Plaintiff is only asserting state tort claims in this case.[1] Further, in the motion to remand, Plaintiff affirmatively states and confirms that he is only pursuing state law claims in this lawsuit.

Based on the forgoing, it is **recommended**[2] that Plaintiff's motion to remand be

---

[1] Specifically, Plaintiff asserts claims for gross negligence and negligence per se (First Cause of Action), another claim for gross negligence and negligence per se (Second Cause of Action), for assault (Third Cause of Action), and for battery (Fourth Cause of Action). It is further noted that the only named Defendant in this case, the South Carolina Department of Corrections, is amenable to suit in state court for tort pursuant to the South Carolina Tort Claims Act, but is not amenable to suit in federal court for damages based on an alleged violation of a prisoner's constitutional rights. Odom v. Wilson, No. 07-325, 2007 WL 1231797 at * 6 (D.S.C. Apr. 25, 2007)["The Plaintiff's claims are cognizable under the South Carolina Tort Claims Act because the South Carolina Department of Corrections is a department of South Carolina. Suits brought under the South Carolina Tort Claims Act must be brought in state court within the boundaries of South Carolina."](citing S.C. Code § 15-78-20(e)[providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of South Carolina, and does not consent to suit in a federal court or in a court of another state.], aff'd, 250 Fed. Appx. 573 (4th Cir. 2007).

[2] While many Courts have held that an order of removal is non-dispositive and can be issued by a United States Magistrate Judge in a non-consent case, it is not firmly established whether the

(continued...)



**granted,** and that this case be **remanded** to the South Carolina Court of Common Pleas for disposition. See also Evans v. South Carolina Dep't. of Corrections, No. 09-640, 2009 WL 3245269 at * 2 (D.S.C. Oct. 5, 2009). Plaintiff is specifically advised that, pursuant to remand of his case, the only claims or causes of actions he will be deemed to be asserting are state claims. Plaintiff's request for an award of fees and costs should be **denied**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 13, 2012
Charleston, South Carolina

---

$^2$(...continued)
undersigned can issue an order of remand, or whether a Report and Recommendation is required. Cf. Williams v. Beemiller, Inc., 527 F.3d 259 (2d Cir. 2008)[Finding that remand orders are dispositive]; Vogel v. U.S. Office Products Co., 258 F.3d 509, 514-517 (6th Cir. 2001)[same]; First Union Mortgage Co. v. Smith, 229 F.3d 992, 996-997 (10th Cir. 2000)[same]; In re U.S. Healthcare, 159 F.3d 142, 145-146 (3d Cir. 1998)[same]; Vaquillas Ranch Company v. Texaco Exploration & Production, Inc., 844 F. Supp. 1156, 1163 (S.D.Texas 1994); McDonough v. Blue Cross of Northeastern Pennsylvania, 131 F.R.D. 467 (W.D.Pa. 1990); City of Jackson v. Lakeland Lounge of Jackson, Inc., 147 F.R.D. 122, 124 (S.D.Miss. 1993); Long v. Lockheed Missiles & Space Co., 783 F.Supp. 249 (D.S.C. 1992). Here, however, the undersigned is aware that the District Judge to whom this case is assigned has previously held that an order to remand is dispositive, thereby requiring a Report and Recommendation. See Moore v. City of Charleston, et al.; Civil Action No. 2:10-2148, at Docket No. 17. Therefore, a Report and Recommendation is being entered in this case.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

